```
              IN THE UNITED STATES DISTRICT COURT
            FOR THE EASTERN DISTRICT OF PENNSYLVANIA
```

| | | |
|---|---|---|
| RONALD HORNE, | : | CIVIL ACTION |
| | : | NO. 09-1562 |
| Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| SUPERINTENDENT FRANKLIN | : | |
| TENNIS, ET AL. | : | |
| | : | |
| | : | |
| Respondents. | : | |

# **O R D E R**

**AND NOW**, this **19th** day of **January, 2011**, upon a de novo review[1] of Magistrate Judge Linda K. Caracappa's Supplemental Report and Recommendation, Petitioner's Objections thereto, and Respondents' response thereto, it is hereby **ORDERED** that the Supplemental Report and Recommendation (doc. no. 17) is **ADOPTED** and **APPROVED**. It is further **ORDERED** that Petitioner's Objections

---

[1] Section 636 of Title 28 of the U.S. Code governs the jurisdiction, power, and temporary assignments of United States Magistrate Judges. Subsection (b)(1)(C) provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

are **OVERRULED**.[2]

---

[2] Before the Court is Ronald Horne's ("Petitioner") Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 ("Petition"). For the following reasons, Magistrate Judge Caracappa's Supplemental Report and Recommendation ("Supplemental R&R") are adopted and approved, Petitioner's objections are overruled, and Petitioner's Petition is denied.

I. Procedural History

On January 3, 2002, following a bench trial, Petitioner was convicted of seven counts of aggravated assault and related offenses. (R&R at 1.) On January 15, 2002, Petitioner was sentenced to twelve-and-a-half to twenty-five years imprisonment. (Id.) Petitioner's sentence was affirmed, on January 6, 2003, by the Pennsylvania Superior Court. (Id.) On February 5, 2003, Petitioner requested an extension to file a petition for allocatur. The Pennsylvania Supreme Court denied this petition on August 11, 2003. (Id. at 1-2.)

Subsequently, on April 6, 2004, Petitioner filed a pro se petition under the Post Conviction Relief Act ("PCRA"), 42 U.S.C. § 9541, et seq. (Id. at 2.) On September 29, 2005, Petitioner, through counsel, filed an amended PCRA petition. Petitioner next filed a second amended PCRA petition, on April 10, 2006. The PCRA court denied the Petition as to various claims but granted an evidentiary hearing relating specifically to Petitioner's allegation that trial counsel was ineffective for failing to convey a plea offer prior to trial. (Id.) Ultimately, on October 17, 2006, the PCRA court denied the Petition. Petitioner appealed, and the Superior Court affirmed the PCRA decision. On October 28, 2008, the Pennsylvania Supreme Court denied Petitioner's request for allocatur.

Although it was docketed on April 6, 2009, the Court finds the present Petition was filed on March 25, 2009, by operation of the "mailbox rule." See Burns v. Morton, 134 F.3d 109, 112-13 (3d Cir. 1998) (explaining that under the "mailbox rule," a pro se prisoner's petition is deemed filed on the date the prisoner delivered the petition to prison officials). Petitioner brings four claims: (1) trial counsel was ineffective for failing to covey a plea agreement prior to trial; (2) trial counsel was ineffective for failing to file a Pa. R.A.P. 2119(f) statement alleging the sentence imposed was excessive; (3) trial counsel was ineffective for failing to call prior witnesses; and (4) the trial court imposed an excessive sentence. (Id. at 2-3.)

The matter was referred to Magistrate Judge Caracappa for a Report and Recommendation ("R&R"). On July 22, 2009, Magistrate Judge Caracappa issued a R&R recommending the Petition

2

be denied and dismissed as time-barred.  (doc. no. 12.)
Thereafter, Petitioner filed objections, specifically arguing
that the Petition is timely based on the doctrine of equitable
tolling.  The District Court remanded the Petition for the sole
purpose of considering Petitioner's objections regarding
equitable tolling.  Magistrate Judge Caracappa issued a
Supplemental R&R addressing the doctrine of equitable tolling and
finding that it is inapplicable.

       Petitioner now argues that equitable tolling is
applicable because he was prevented from filing due to
extraordinary circumstances.  Petitioner states that he suffers
from Paranoid Schizophrenia and this mental illness rendered him
incompetent thus causing him to miss the AEDPA's deadline.
(Petitioner's Obj. to Supplemental R&R at 4.)  In support of this
position, Petitioner provides a letter from his treating
physician confirming his diagnosis.  (Id. at Ex. A.)

       Additionally, Petitioner argues that he did not have
access to legal materials on several occasions because he was
housed in the infirmary.  Petitioner also points out that he was
housed in the Mental Health Unit ("MHU") for a significant period
of time and, while in the MHU, he did not have access to legal
resources.  (Id. at 5, Ex. B&C.)  Lastly, Petitioner argues that
he notified the prison's accounting office that he needed his
accounting records, but the accounting office took too long to
process this request.  (Id. at 6.)  Petitioner argues that the
fact that it took twenty-six days for SCI-Rockview to process
this information should not be held against Petitioner.

II.  Equitable Tolling Standard
       Section 2244(d) provides for a one-year statute of
limitations period for habeas petitions.  28 U.S.C. §
2244(d)(1)(A); see also Burns, 134 F.3d at 113 (holding that it
is appropriate to deem a habeas petition filed at the time it is
delivered to prison officials for mailing since a prisoner is
unable to influence whether a habeas petition is received
promptly by the district court).  The one-year limitation,
however, is subject to both statutory and equitable tolling.
Merritt v. Blaine, 326 F.3d 157, 161 (3d Cir. 2003).  Statutory
tolling for a federal habeas claim occurs in the "time during
which a properly filed application for state post-conviction or
other collateral review with respect to the pertinent judgment or
claim is pending."  28 U.S.C. § 2244(d)(2).  Only equitable
tolling is at issue in this case.

       The Third Circuit has recognized that equitable tolling
may toll the one-year statute of limitations under the following
three circumstances: "(1) if the defendant has actively misled

3

the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum." Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotation marks omitted).

As to the second factor, "[a] 'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2010) (emphasis deleted)). "The diligence required for equitable tolling purposes is 'reasonable diligence[.]'" Holland, 130 S.Ct. at 2562 (2010) (citing Lonchar v. Thomas, 517 U.S. 314, 326 (1996)). Petitioner must demonstrate that he "exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Miller v. N.J. State Dep't Of Corrections, 145 F.3d 616, 618-19 (3d Cir. 1998) (citation and internal quotation marks omitted; alterations in original).

In Holland, the Supreme Court held that equitable tolling should not be rigidly applied, but rather should be interpreted in line with "more general equitable principles." Further, the Supreme Court suggested that egregious unprofessional attorney conduct can satisfy the standard for "extraordinary circumstances." While extraordinary cases of serious misconduct by an attorney may constitute grounds for equitable tolling, tolling is not warranted for "a 'garden variety' claim of attorney negligence." Holland, 130 S.Ct. at 2564. Whether a particular situation warrants tolling must be made in a fact-specific, case-by-case determination. Id. at 2563.

Upon review of the record, the Court concludes that Petitioner does not meet any of the factors for equitable tolling: (1) Petitioner has not presented evidence that Respondents misled him regarding the Petition's filing deadline; (2) Petitioner was not prevented from asserting his rights in an extraordinary way; and (3) Petitioner did not file in the incorrect forum.

A.  Equitable Tolling Based on Mental Illness

Petitioner's main argument is that he was prevented from asserting his rights in an extraordinary way because he suffers from a mental illness. Specifically, Petitioner argues that his paranoid schizophrenia rendered him incompetent; therefore, his filing delay was caused by extraordinary circumstances beyond his control.

4

Mental illness is not a per se reason to toll the limitations period. Nara v. Frank, 264 F.3d 310, 320 (3d Cir. 2001), overruled in part on other grounds by Carey v. Saffold, 536 U.S. 214 (2002). An individual's mental deficiency must affect his ability to file a timely petition to justify tolling. Id. In determining whether tolling is warranted, courts in this circuit have considered whether the petitioner was adjudicated incompetent; whether he has been institutionalized for the impairment; whether petitioner handled or assisted in other legal matters during the relevant period; and whether petitioner's alleged impairment is supported by extrinsic evidence such as evaluations and/or medications. Griffin v. Stickman, No. 04-CV-975, 2004 WL 1821142, at *6 (E.D. Pa. Aug. 11, 2004) (citing four courts in the Eastern District of Pennsylvania that have followed this approach).

Although Petitioner provided the Court with a letter from his treating psychologist confirming the paranoid schizophrenia diagnosis, nothing before the Court indicates that he is incompetent. Petitioner insists that his psychologist will confirm that he lacked the capacity to file a timely Petition, but nothing beyond Petitioner's self-serving claim suggests that he is incompetent. In fact, the psychologist's letter is silent on Petitioner's ability to pursue legal remedies and clearly notes that Petitioner has not been adjudicated incompetent or previously institutionalized. Furthermore, the fact that Petitioner was housed in units dedicated to mental illness treatment does not show that his ability to file the Petition on or before the March 3, 2009 deadline was limited.

B. Equitable Tolling Based on Access to Legal Materials

Petitioner claims that he did not have access to legal materials when he was housed in the infirmary or the MHU. Even accepting Petitioner's contentions as true, a review of the PA Department of Corrections Cell History indicates that Petitioner was only sequestered from the legal materials for seven days during the time the AEDPA's limitations period was running. Petitioner does not argue that he had anything less than complete access to legal materials from the time the period began to run on August 12, 2003 until it was statutorily tolled on April 6, 2004. Although Petitioner was housed in the MHU or the infirmary for a combined 103 days between April 6, 2004 and October 29, 2008, and was denied access to legal materials for a variety of other reasons during that time period, it is irrelevant for the purposes of equitable tolling because the limitations period was already statutorily tolled. Thus, equitable tolling is only appropriate for the seven days Petitioner was housed in the

5

**AND IT IS SO ORDERED.**

---

infirmary after October 29, 2008, the date the limitations period started to run again. Given that the Petition was filed over twenty days late, this additional tolled time does not render the Petition timely.

Finally, Petitioner argues that twenty-six days elapsed between the time he requested and received certain accounting information from the prison, and this time should be equitably tolled. Petitioner claims that he was unable to request in forma pauperis status until the prison provided him with the financial information that he requested on February 9, 2009. Petitioner did not receive this material until March 6, 2009. Petitioner claims that during these twenty-six days, he could not do anything to further his cause because he could not determine whether he could proceed in forma pauperis. Petitioner's argument is wanting; he had the opportunity to request the necessary information sooner and simply neglected to do so. Moreover, the Court notes that Petitioner had access to the necessary legal materials for over 1,000 days of the 2,030 days that his limitations period was pending from August 12, 2003 until March 3, 2009. Under these circumstances, it cannot be said that Petitioner acted with reasonable diligence.

III. Conclusion

For the reasons set forth above, Magistrate Judge Caracappa's Supplemental R&R will be adopted and approved, Petitioner's objections to the Supplemental R&R will be overruled, and Petitioner's claims for habeas relief will be denied.

6

S/Eduardo C. Robreno
**EDUARDO C. ROBRENO, J.**