```
            IN THE UNITED STATES DISTRICT COURT
         FOR THE EASTERN DISTRICT OF PENNSYLVANIA


RONALD HORNE,                         :    CIVIL ACTION
                                      :    NO. 09-1562
          Petitioner,                 :
                                      :
     v.                               :
                                      :
SUPERINTENDENT FRANKLIN               :
TENNIS, et al.                        :
                                      :
          Respondents.                :
```

M E M O R A N D U M

EDUARDO C. ROBRENO, J.                              November 24, 2014

Petitioner Ronald Horne is a state prisoner incarcerated at the State Correctional Institution – Rockview in Bellafonte, Pennsylvania. Horne filed an application seeking relief through a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("Habeas Petition"), claiming that he received constitutionally ineffective assistance of counsel at trial. This Court denied relief under § 2254, and Horne now argues that he is entitled to relief from that judgment under Federal Rule of Civil Procedure 60(b). For the reasons set forth below, the Court will deny Petitioner's motion.

I.   **BACKGROUND**

On January 3, 2002, following a bench trial, Petitioner was convicted of seven counts of aggravated assault and related offenses for a road rage incident. R&R at 1, ECF No. 12. On January 15, 2002, Petitioner was sentenced twelve-and-a-half to twenty-five years of imprisonment. Id. Petitioner's sentence was affirmed by the Pennsylvania Superior Court on January 6, 2003. Id. Petitioner requested an extension to file a petition for allocatur, which the Pennsylvania Supreme Court denied on August 11, 2003. Id. at 1-2.

Subsequently, Petitioner filed a pro se petition under the Post Conviction Relief Act ("PCRA"), 42 U.S.C. § 9541, et seq. Id. at 2. On September 29, 2005, Petitioner, through counsel, filed an amended PCRA petition. He next filed a second amended PCRA petition on April 10, 2006. The PCRA court denied the petition as to various claims, but granted an evidentiary hearing on Petitioner's allegation that trial counsel was ineffective for failing to convey a plea offer prior to trial. Id. Ultimately, on October 17, 2006, the PCRA court denied the petition. Petitioner appealed, and the Superior Court affirmed the PCRA decision. On October 28, 2008, the Pennsylvania Supreme Court denied Petitioner's request for allocatur.

Petitioner filed the Habeas Petition on March 25, 2009. See Horne v. Tennis, No. 09-1562, 2011 WL 22175, at *2 (E.D. Pa. Jan. 20, 2011) (applying the "mailbox rule" for pro se petitions filed by prisoners). Petitioner brought four claims: (1) trial counsel was ineffective for failing to convey a plea agreement prior to trial; (2) trial counsel was ineffective for failing to file a Pa. R.A.P. 2119(f) statement alleging that the sentence imposed was excessive; (3) trial counsel was ineffective for failing to call prior witnesses; and (4) the trial court imposed an excessive sentence. R&R at 2-3.

The matter was referred to Magistrate Judge Caracappa for a Report and Recommendation ("R&R"). On July 22, 2009, Magistrate Judge Caracappa issued an R&R recommending that the Habeas Petition be denied and dismissed as time-barred. ECF No. 12. Petitioner filed objections, specifically arguing that the Habeas Petition was timely based on the doctrine of equitable tolling. This Court remanded the Petition for the sole purpose of considering Petitioner's objections regarding equitable tolling. Magistrate Judge Caracappa issued a Supplemental R&R addressing the doctrine of equitable tolling, finding it inapplicable here. ECF No. 17.

In his objections to the Supplemental R&R, Petitioner argued that equitable tolling was applicable because he was prevented from filing due to extraordinary circumstances. First,

3

he suffers from paranoid schizophrenia, and his illness caused him to miss the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) deadline. Pet'r's Obj. Supplemental R&R at 4, ECF No. 18. Second, Petitioner argued that he did not have access to legal materials on several occasions when he was housed in the infirmary and the Mental Health Unit. Id. at 3-4. Lastly, Petitioner argued that the accounting office took too long to process his request for accounting records, which should not be held against him. Id. at 4-5.

On January 20, 2011, this Court adopted and approved the Supplemental R&R, overruling Petitioner's objections and concluding that his claims were time-barred. Horne, 2011 WL 22175. The Court concluded that Petitioner did not meet any of the factors for equitable tolling because (1) he had not presented evidence that Respondents misled him regarding his filing deadline, (2) he was not prevented from asserting his rights in an extraordinary way, and (3) he did not file in the incorrect forum. Specifically, the Court noted that while Petitioner provided a letter from his treating psychologist confirming the paranoid schizophrenia diagnosis, nothing before the Court indicated that he was incompetent – and in fact, the psychologist's letter was silent on Petitioner's ability to pursue legal remedies, but mentioned that he had not been adjudicated incompetent. The Court also determined that

4

Petitioner's time in the infirmary and Mental Health Unit, as well as the accounting office's delay, had no material impact on his ability to file in a timely manner.

Petitioner filed a Rule 60(b) motion to vacate and set aside the Court's January 20, 2011 judgment.[1] ECF No. 27. The motion is now ripe for review.

## II.   LEGAL STANDARD

Federal Rule of Civil Procedure 60(b) enables a party to move for relief from a judgment based on the following grounds:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party;
>
> (4) the judgment is void;

---

[1] Where the "factual predicate of a petitioner's Rule 60(b) motion attacks the manner in which the earlier habeas judgment was procured and not the underlying conviction, the Rule 60(b) motion may be adjudicated on the merits. However, when the Rule 60(b) motion seeks to collaterally attack the petitioner's underlying conviction, the motion should be treated as a successive habeas petition." Pridgeon v. Shannon, 380 F.3d 721, 727 (3d Cir. 2004). This motion does not present new claims or attack Petitioner's underlying conviction, and therefore is not barred by the rule against successive petitions. See Gonzalez v. Crosby, 545 U.S. 524, 532 (2005).

5

>    (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or
>
>    (6) any other reason justifying relief from the operation of the judgment.

Motions based on subsections (b)(1) through (b)(3) may not be filed more than one year after the judgment; those based on the remaining subsections must be filed within a "reasonable time." Id. at 60(c)(1).

The Third Circuit has held that "a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion." Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (citing Martinez-McBean v. Gov't of the Virgin Islands, 562 F.2d 908, 912 (3d Cir. 1977)). Circumstances warranting Rule 60(b) relief "rarely occur in the habeas context." Gonzalez v. Crosby, 545 U.S. 524, 535 (2005).

**III. DISCUSSION**

Petitioner argues that he is entitled to relief from judgment under Rule 60(b) because the government prevented him from obtaining necessary evidence. According to Petitioner, his doctor was willing to testify on his behalf, describing how his mental illness caused him to be unable to represent himself and

6

meet the AEDPA deadline. Mot. Relief Rule 60(b) at 1, ECF No. 27. However, the doctor was unable to do so without governmental permission, which was denied.[2] This denial, Petitioner says, blocked him from obtaining evidence that would have enabled him to prove that equitable tolling applies to his case, and entitles him to relief from the Court's January 20, 2011 determination that his petition is time-barred.

In response, the government argues that Petitioner's arguments do not fit any of the six grounds for relief available in Rule 60(b).[3] Petitioner filed this motion nearly three years after the judgment in question, so grounds 1-

---

[2] The Court also denied without prejudice Petitioner's request (ECF No. 21) to issue an order requiring the prison to allow Petitioner's doctor to provide his medical opinion, stating that the Court was awaiting the government's response to Petitioner's request that the government produce certain medical records. ECF No. 23. In its response to Petitioner's objections to the supplemental R&R, the government argued that this Court lacked the authority to order the doctor to provide his medical opinion, and that while the Court could order the Department of Corrections to turn over Petitioner's mental health records, there is no need for such action because they would make no material difference. Petitioner stated that it took him only nineteen days to draft his habeas petition, and he had a full year in which to do it. Resp. Pet'r's Objections Supplemental R&R at 7-8, ECF No. 24. In its decision on the matter, this Court did not explicitly address those arguments, but rejected Petitioner's claims involving his mental illness, as nothing before the Court indicated that he was incompetent. Horne, 2011 WL 22175, at *5.

[3] Petitioner does not specify which ground he thinks should apply.

7

3 are unavailable to Petitioner as time-barred.[4] Nor does Petitioner argue that the judgment is void, so as to fit under ground 4, or that the judgment has been satisfied, released, or discharged, or is based on an earlier judgment that has been reversed or vacated, so as to fit under ground 5.

Therefore, if Petitioner has any argument, it must be under the catchall provision: Rule 60(b)(6), which allows relief for "any other reason that justifies relief." Rule 60(b)(6) "provides for extraordinary relief and may only be invoked upon a showing of exceptional circumstances." In re Fine Paper Antitrust Litig., 840 F.2d 188, 194 (3d Cir. 1988) (quoting Vecchione v. Wohlgemuth, 558 F.2d 150, 159 (3d Cir. 1977) (internal quotation marks omitted)).

Petitioner has shown no extraordinary circumstances here. In fact, he has presented no new facts or new cases at all; everything contained in his motion was already available to this Court when it denied his Habeas Petition as time-barred in 2011. He does not explain what is extraordinary about his claims, but instead merely reiterates previous arguments that the Court already implicitly or explicitly rejected. Therefore,

---

[4] A motion made under Fed. R. Civ. Pro. Rule 60(b)(1)-(3) must be made "no more than a year after the entry of the judgment or order or the date of the proceeding."

he has failed to demonstrate why he is entitled to relief under Rule 60(b).

**IV.   CONCLUSION**

For the foregoing reasons, the Court will deny Petitioner's Rule 60(b) motion for relief. An appropriate order follows.